UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 01-8551-CIV-MIDDLEBROOKS

NANCY E. APONTE.,

    Plaintiff,

vs.

THE WEITZ COMPANY, INC., and
ROBERT W. SWAFFORD,

    Defendants.
_____/



FILED by _____ D.C.
APR 0 1 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER

THIS CAUSE comes before the Court upon a number of different motions, including: (1) Defendants' Motion for Order Compelling Discovery and for the Imposition of Appropriate Sanctions, filed February 25, 2002 (DE#108); Plaintiff's Motion to Exclude Defendant's Expert Jose Ochoa, filed March 22, 2002 (DE#143); Defendants' Motion in Limine to Strike Plaintiff's Expert Witnesses and/or to Limit Expert Testimony, filed March 27, 2002 (DE#157); and Defendants' Motion in Limine to Preclude Plaintiff's Expert Neurologist from Commenting Upon Reputation of Defendants' Neurologist, filed March 27, 2002 (DE#158). The Court has reviewed the record, the submissions of counsel, and is otherwise fully advised in the premises.

On February 25, 2002, the defendants filed the motion to compel discovery responses, stating that the plaintiff had failed to respond to three sets of interrogatories and three requests to produce. The plaintiff did not timely respond to this motion, although the plaintiff did submit a response on March 25, 2002, arguing that somehow the fact that the interrogatories served after the plaintiff's deposition precludes the need for a response, that the defendants exceeded the allowable number of interrogatories under Rule 33(a) of the Federal Rules of Civil Procedure and Rule 26.1.G.1 of the Local Rules of the Southern District of Florida, and that the defendants allegedly already possess all of the material sought in their various requests for production. It appears that plaintiff's counsel is

under the impression that if a discovery request is objection*able*, it need not be objected *to*. This is erroneous. Accordingly, the motion to compel discovery is granted in part: the motion to compel is denied, and the motion for sanctions is granted, pursuant to this Court's authority under Rule 37(a)(4) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 37(a)(4) ("If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall ... require ... the party or attorney advising such conduct or the both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees ...."). After considering the issue of the appropriate sanction, as well as the relatively the Court determines that the plaintiff's counsel shall pay to the defendants the sum of $150.00 for the expenses incurred in making the motion.

Plaintiff seeks to exclude the defendant's expert, Dr. Jose Ochoa, from testifying at trial via video deposition, on the grounds that Dr. Ochoa's testimony does not meet the gatekeeping requirements of Rule 702 of the Federal Rules of Evidence or the strictures of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). *Daubert* emphasized my role as a gatekeeper in determining the admissibility of expert testimony, and *Kumho Tire* held that the *Daubert* analysis was applicable to nonscientific expert testimony. The Court first notes that expert testimony need not be airtight to be admissible under this standards, for there is a general a reliance on the adversarial system in order to test arguably shaky theories and suppositions. *See Allapattah Services, Inc. v. Exxon Corp.*, 61 F. Supp.2d 1335, 1340 (S.D. Fla. 1999). The Court also notes that the trial judge is accorded broad discretion in deciding these issues. *See United States v. Cunningham*, 194 F.3d 1186, 1197 (11th Cir. 1999). After reviewing the arguments of counsel as applied to the relevant caselaw, the Court finds that the motion should be denied. Plaintiff's main contention is that Dr. Ochoa failed to disclose a 1995 Arizona case in which he served as an expert witness. However, under Rule 26(a)(2)(B), an expert witness's required report need only contain "a listing of any other cases in which the witness has testified as an expert at trial or by deposition *within the preceding four years*." The 1995 case does not fall into this window of required disclosure. Second, plaintiff argues that Dr. Ochoa's opinions are completely "contrary to established medical thinking." The Court has not been provided with a copy of Dr. Ochoa's expert report. However, after reviewing that which the Court does have, the Court concludes that Dr. Ochoa's testimony meets the *Daubert-Kumho Tire* threshold, and the

remainder of plaintiff's arguments to the contrary are more appropriately left for trial. Third, the plaintiff points to the fees earned by Dr. Ochoa as a testifying expert in this and other cases. This is not a ground for Dr. Ochoa's exclusion. Finally, the Court notes that Dr. Ochoa's videotaped testimony has already been introduced at trial, and the issue may thus be moot. Therefore, the motion shall be denied.

The defendants have also submitted a motion to strike some of the expert witnesses sought to be introduced at trial, or in the alternative to limit each expert's testimony. This appears to be an issue that should have been dealt with prior to the commencement of trial, and may well be moot as the plaintiff has now rested her case, save for one possible additional witness. The defendants argue that the plaintiff's experts present merely cumulative and duplicative testimony. The Court has broad discretion under Rule 403 of the Federal Rules of Evidence to control the introduction of evidence. *See* Fed. R. Ev. 403; *United States v. Davis*, 639 F.2d 239, 244 (5th Cir. 1981). After reviewing the issue, the Court concludes that the defendants have proffered insufficient justification for the limiting Order which they seek.

Finally, the defendants seek an Order precluding plaintiff's expert neurologist from commenting upon the reputation of defendants' expert, Dr. Ochoa. Defendants argue that "[i]t would be unfairly prejudicial for Plaintiff's treating expert physician to cast aspersions on Dr. Ochoa's character and whole professional opinion." Under Rule 702 of the Federal Rules of Evidence, expert testimony needs to be helpful to the trier of fact in order to be admissible, and such a determination is to be made by the Court in the first instance. *See Joiner v. General Elec. Co.*, 78 F.3d 524, 529-30 (11th Cir. 1996), *rev'd on other grounds*, 522 U.S. 136 (1997). The Court finds that the appropriate method for challenging an admitted expert's testimony and conclusions is not through facial attacks on the expert himself, but rather through probing the expert's techniques and conclusions and through the presentation of experts with different viewpoints. Therefore, attacks on Dr. Ochoa's character are not helpful to the triers of fact and should be precluded.

In accordance with the above discussion, it is hereby

ORDERED AND ADJUDGED as follows:

1) Defendants' Motion for Order Compelling Discovery and for the Imposition of Appropriate Sanctions (DE#108), is GRANTED IN PART. Plaintiff's counsel shall pay defendants the sum of $150.00 for the expense incurred in bringing the motion.

2) Plaintiff's Motion to Exclude Defendant's Expert Jose Ochoa (DE#143), is DENIED.

3) Defendants' Motion in Limine to Strike Plaintiff's Expert Witnesses and/or to Limit Expert Testimony (DE#157), is DENIED.

4) Defendants' Motion in Limine to Preclude Plaintiff's Expert Neurologist from Commenting Upon Reputation of Defendants' Neurologist (DE#158), is GRANTED consistent with the above discussion.

DONE AND ORDERED in Chambers, at West Palm Beach, Florida, this ___ day of April 2002.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT COURT

copies to counsel of record